IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| NATIONAL GENERAL INSURANCE COMPANY, A GMAC INSURANCE COMPANY, | ) ) ) ) | CASE NO. 1:12 CV 2039 |
| Plaintiff, | ) ) | |
| v. | ) ) | JUDGE DONALD C. NUGENT |
| ROBERT NATOLA, SR., et al., | ) ) | |
| Defendants. | ) | **MEMORANDUM OPINION** |

This matter is before the Court on the Motion for Summary Judgment filed by Plaintiff, National General Insurance Company ("NGIC"). (Docket #55.) NGIC seeks summary judgment on its Third Amended Complaint for Declaratory Judgment filed against Defendants Robert L. Natola, Sr.; the United States Postal Service; David Endicott; Fred A. Supple; Elizabeth A. Supple; Nationwide Mutual Insurance Company; William Oscar Morgan, Jr.; Anita Morgan Jones; Rada Morgan; Riverport Insurance Company; Berkley Risk Administrators Company, LLC; and, Praetorian Insurance Company.

According to the NGIC's Third Amended Complaint, Defendant, Robert L. Natola, Sr., stole a 2011 Toyota Camry, owned by Defendants Fred Supple and Elizabeth Supple, from their Brookpark, Ohio residence, and was involved in a motor vehicle accident or accidents in West Virginia leading to claims of bodily injury and property damage. (Third Amended Complaint,

Docket #45, at Paragraph 19.) The car was insured by NGIC. (Id. at Paragraph 17.) Fred Supple was the named insured on the Insurance Policy. (Id.)

Mr. Natola collided with David Endicott. (Id. at Paragraph 20.) Mr. Endicott's insurance company was Nationwide Mutual Insurance Company and Nationwide paid benefits to Mr. Endicott following the accident. (Id. at Paragraph 23; Docket #8.) Mr. Natola also collided with a Post Office in Ikes Fork, West Virginia operated by the United States Postal Service. (Docket #45 at Paragraph 20.) William Oscar Morgan, Jr.; Rada Morgan; and, Anita Morgan Jones were the landlords for the USPS. (Id. at Paragraph 21.) Berkley Risk Administrators Company LLC and/or Riverport Insurance Company and/or Praetorian Insurance Company and/or their subsidiaries provided a commercial general risk or other policy of insurance to the landlords and paid benefits to the landlords for damage to their property. (Id. at Paragraph 22.)

NGIC filed its Motion for Summary Judgment on August 9, 2013, asserting that Mr. Natola is not entitled to liability coverage under the NGIC Insurance Policy because he stole the vehicle; that the Supples cannot be held liable for negligent entrustment because they did not authorize Mr. Natola to use the vehicle; and, that NGIC owes no duty to defend Mr. Natola against claims arising from the use of the vehicle because it was stolen. (Docket #55.) NGIC seeks declaratory judgment from this Court as follows:

1. Defendant Robert L. Natola, Sr. took a 2001 Toyota Camry owned by Fred A. Supple from his residence, without permission, on December 18, 2011;
2. Neither Fred A. Supple nor his wife Elizabeth A. Supple entrusted the vehicle to Defendant Robert L. Natola, Sr., or granted permission to him to operate the vehicle;
3. The vehicle in question was stolen;
4. Neither Fred A. Supple nor Elizabeth A. Supple can be held liable for negligent entrustment of the stolen vehicle;
5. The Supples' insurer, National General Insurance Company, has no obligation to defend or indemnify Robert L. Natola, Sr. for any claim arising out of his operation or use of the stolen vehicle;
6. National General Insurance Company has no obligation to pay any sum

       that Robert L. Natola, Sr. might be obligated to pay by reason of a recovery or judgment against him;
7. Robert L. Natola, Sr. does not meet the definition of an "insured" under the insurance policy;
8. NGIC has no obligation to provide any coverage of any kind to Robert L. Natola, Sr.; and,
9. NGIC is entitled to recover its costs from Robert L. Natola, Sr.

Defendant USPS filed a Response Brief on August 20, 2013. (Docket #56.) NGIC filed a Reply Brief on August 22, 2013. (Docket #59.)

On October 18, 2013, NGIC filed an Application for Default Judgment against Defendants Robert L. Natola, Sr.; William Oscar Morgan, Jr.; Rada Morgan; Berkley Risk Administrators Company, LLC; Riverport Insurance Company; and, Praetorian Insurance Company, which was granted by the Court on October 22, 2013. (Docket #s 60 and 61.)

## Summary Judgment Standard

Summary judgment is appropriate when the court is satisfied "that there is no genuine dispute as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c). The burden of showing the absence of any such "genuine dispute" rests with the moving party:

> [A] party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any,' which it believes demonstrates the absence of a genuine [dispute] of material fact.

*Celotex v. Catrett*, 477 U.S. 317, 323 (1986) (citing FED. R. CIV. P. 56(c)). A fact is "material" only if its resolution will affect the outcome of the lawsuit. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Determination of whether a dispute is "genuine" requires consideration of the applicable evidentiary standards. The court will view the summary judgment motion in the light most favorable to the party opposing the motion. *Matsushita Elec. Indus. Co. v. Zenith*

*Radio Corp.*, 475 U.S. 574, 587 (1986). In sum, proper summary judgment analysis entails "the threshold inquiry of determining whether there is the need for a trial--whether, in other words, there are any genuine factual [disputes] that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." *Anderson*, 477 U.S. at 250.

The nonmoving party may not simply rely on its pleadings, but must "produce evidence that results in a conflict of material fact to be resolved by a jury." *Cox v. Kentucky Dep't of Transp.*, 53 F.3d 146, 149 (6th Cir. 1995). FED. R. CIV. P. 56(e) states:

> When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial.

The Federal Rules identify the penalty for the lack of such a response by the nonmoving party as an automatic grant of summary judgment, where otherwise appropriate. *Id.*

### Discussion

Defendants Fred and Elizabeth Supple indicated that they support NGIC's request for declaratory judgment. (Docket #14.) Defendants David Endicott and Anita Morgan Jones indicated that they do not intend to oppose declaratory judgment as requested by NGIC and have not filed responses to NGIC's Motion for Summary Judgment. (Docket #s 18 and 58.) Defendant Nationwide did not file an Answer, but sent a letter to NGIC indicating it did not intend to respond to the Amended Complaint nor participate in this lawsuit. (Docket #29.) Defendant United States Postal Service filed an Answer to the Third Amended Complaint, asserting that the Complaint fails to state a claim against the USPS upon which relief can be granted; denying that it is asserting any claims against Defendants Robert Natola, Sr., Fred Supple, and/or Elizabeth Supple; and, asking the Court to dismiss them as parties. (Docket #44.)

The USPS filed a response to NGIC's Motion for Summary Judgment, repeating the same, without contesting the relevant facts alleged by NGIC. (Docket #56.)

None of the Defendants have contested the facts relevant to NGIC's requested declaratory judgment. Mr. and Mrs. Supple submitted Affidavits attesting to the fact that although Mr. Natola was staying at their house, they did not give permission for Mr. Natola to drive the vehicle and that Mr. Natola stole the vehicle. (Docket #55, Exhibits 2 and 3.) Defendants have presented no evidence that the vehicle in question was not stolen or that the Supples entrusted the vehicle in question to Mr. Natola. The NGIC Policy defines "insured" as "any person using your covered auto with your permission." (Docket #55, Exhibit 1. NGIC Policy form 6306(08012001), at p. 3). As it is uncontested that he did not have permission to use the vehicle, Mr. Natola is not entitled to liability coverage under the NGIC Policy and NGIC has no duty to defend Mr. Natola against claims arising from the use of the vehicle.

A claim of negligent entrustment requires that proof that the owner of a vehicle "knowingly, either through actual knowledge or through knowledge implied from known facts and circumstances, entrusts its operation to an inexperienced or incompetent operator whose negligent operation results in the injury." *Hundemer v. Partin*, 12th Dist. No. CA2007-01-006, 2007 Ohio 5631, ¶ 6, quoting *Gulla v. Straus*, 154 Ohio St. 193, 93 N.E.2d 662 (1950), paragraph three of the syllabus. Again, as it is undisputed that Mr. Natola took the vehicle without the Supples' permission, the Supples cannot be held liable for negligent entrustment.

Given that there is no dispute as to any material fact, summary judgment is appropriate as a matter of law.

## Conclusion

The Motion for Summary Judgment filed by Plaintiff, National General Insurance Company, is hereby GRANTED. (Docket #55.) The Court hereby grants NGIC the declaratory

judgment requested, with the exception of Paragraph 9. The Court will not require Mr. Natola to bear the costs of NGIC's declaratory judgment action given the fact that this action appears to be completely preemptive in nature.

This case is TERMINATED.

IT IS SO ORDERED.

_/s/ Donald C. Nugent_
DONALD C. NUGENT
United States District Judge

DATED: _December 16, 2013_